(Hamilton County Court of Insolvency.)
July Term, 1897.

IN THE MATTER OF THE ASSIGNMENT OF THE JACKSON BREWING COMPANY.

Taxes can not be levied on personal property which has passed into the hands of an assignee for the benefit of creditors: and this rule applies where the business of the assignor is being continued by the assignee.

---

The Jackson Brewing Company made an assignment for the benefit of its creditors, on March 3, 1894, to John B. Bobe, and on March 7, 1894, an order was made by the court directing the assignee to continue the business, and afterward, with the consent of three-fourths in number and amount of the creditors, an order was made directing the assignee to continue the business, which order has been continued in force ever since and under said order of the court, the assignee still continues to carry on said business. The Auditor of Hamilton county has assessed the personal estate in the possession of said John B. Bobe, as such assignee, for taxes as follows:

For 1894, on $30,970, taxes amt'g to $964.79
" 1895, " 23,430, " " " 725.25
" 1895, " 23,500, " " " 682.44

Total taxes - - $2,372.48

An application has been made by the

treasurer of Hamilton county, for an order requiring the assignee to pay these taxes, which is resisted by the assignee.

It will be observed that the assignment was made in 1894, prior to the day preceding the second Monday of April, as of which date all personal property is by statute, required to be returned for taxation.

In the case of McNeill, assignee, v. Hagerty, Auditor, 51 Ohio St.,255, our supreme court had under consideration the question as to the right to assess personal property in the possession of an assignee for the benefit of creditors, for taxation.

Judge Spear, in delivering the opinion of the court, says: "The effect of the assignment, is to devote the property absolutely to the satisfaction of the debts of the assignor, just as they exist at the time of the assignment, subject, necessarily, to be depleted by the expenses of the trust.

"The assignee has no power to create any new lien, nor to divert the property from the purpose contemplated by law.

"Provision is made for the payment by the assignee of preferred liens upon the property, if any exist, and for the payment of taxes in preference to any other claim against the assignor. The language in this regard is significant: 'All taxes of every description assessed against the assignor, upon any personal property, held by him before his assignment, shall be paid by the assignee or trustee out of the proceeds of the property assigned in preference to any other claim against the assignor.' Nowhere is it in terms porvided that the assignee shall list the property for taxation, nor is provision made for the payment of any taxes save those existing against the assignor. This omission seems to us significant when contrasted with the duty enjoined by the sections of the statute upon other trustees. By section 2734 returns must be made of the property of every ward by his guardian, of every estate of a deceased person, by his executor or administrator, of corporations whose assets are in the hands of receivers. It is made the duty of every executor or administrator 'to apply the assets to the payment of debts in the following order: * * * Fourth, Public rates and taxes, and sums due the state for duties on sales at auction.' For such payment of taxes, the administrator or executor is allowed in the settlement of his accounts. The provision relating to the payment of taxes by assignees is that 'all taxes of every description assessed against the assignor upon any personal property, held by him before his assignment shall be paid by the assignee,' etc. ; and if we apply the familiar rule, expressio unius exclusio alterius, it would seem that those are the only taxes payment of which may properly be included in his accounts.'

Our supreme court has thus declared that there is no provision in our statutes authorizing the levying of taxes on personal property in the hands of an assignee for the benefit of creditors. No provision has been made in our statutes for taxing such property where the assignee is carrying on the business under order of court. Therefore, there being no authority in law to levy these taxes on the personal property of the Jackson Brewing Company in the hands of the assignee, the application of the Treasurer of Hamilton county for an order to require the assignee to pay the taxes levied, will be refused.

Rendigs, Foraker & Dinsmore for the County Treasurer; Kramer & Kramer, Kittredge & Wilby and Ramsey, Maxwell & Ramsey, contra.